McKinney, J.,
delivered the opinion of the Court:
This suit was commenced by attachment against Harris and wife jointly. The writ of attachment was returned by the sheriff, levied upon two slaves, Eliza and her child. The declaration is in assumpsit against both husband and wife, upon a joint promise by them to pay the plaintiff $500, for his services as a surgeon, rendered to the wife during coverture. Th'e slaves attached were replevied on behalf of the wife, by her trustee, who set up claim of title to them as the separate property of the wife. The defendant, Howell Harris, filed two pleas in abatement; the first tendering an issue upon the truth of the cause stated as the ground for the attachment; the second, tendering an issue upon the title to the slaves attached, and distinctly averring that he had no claim or title to said *538 slaves, but that the title was vested in one William Basher, as trustee for the wife of defendant, who held the s;ame for the sole and separate use of Mrs. Harris.
The plaintiff joined issue upon the first plea, and demurred to the second; and on argument the demurrer was sustained. The other defendant, Mrs. Harris, pleaded separately two pleas: First, non-assumpsit; and, secondly, coverture. There was issue upon the first plea, and a demurrer to the second, which was sustained by the Court. The record shows, that in the future progress of the case, and before judgment, the plaintiff entered a nolle prosequi as to the wife. The issue upon the first plea in abatement was found against the defendant, and the damages were assessed by the jury at the sum of $536.25, for which the Court rendered judgment against the defendant, Howell Harris, and likewise against the sureties in the replevin bond. From which judgment the defendant appealed in error.
Several questions arise upon this record :
1. The Court erred in sustaining the demurrer to the plea of coverture. It is clear that in no case can a married woman be sued upon a mere personal contract made by her during coverture, although she live apart from her husband.—1 Ch. Pl., 57. She can in such case, neither be sued separately nor jointly with her husband. The plea of coverture is sufficient in substance; but, if otherwise, the plaintiffs’ demurrer to the plea reaches back to the declaration, and raises the question as to its sufficiency in respect to matters of substance. But as the feme was afterwards discharged from the action, this error does not affect the *539 merits of the case as respects the other defendant, and therefore, perhaps, constitutes no ground for reversing the judgment.
2. In the present state of our law, the attachment is a proceeding, not only to enforce the appearance of the defendant, but to obtain security for the plaintiffs demand. For the purpose of bringing the defendant into Court, it is substituted for the ordinary writ, or summons; and the seizure of the defendant’s property, by the attachment, stands in the place of personal service,, so far as to give jurisdiction to the Court to proceed to render judgment in the case. Being the leading process by which it is sought to compel an appearance, the defendant, upon appearing, may plead in abatement, as if brought into Court upon ordinary process. He may traverse and disprove the truth of the cause stated as the ground of attachment. And as it is alone by seizure of his property that the Court can acquire jurisdiction of his person, he may show in abatement of the attachment, that the property on which the attachment was levied is not his; and, therefore, that he is not before the Court. In this view the Court erred in sustaining the demurrer to the second plea in abatement.
3. The question of title was enquired into, to some extent, on the issue joined on the first plea in abatement. This, however, does not cure the error in depriving the defendant of the direct issue presented by the second plea.
The proof shows that the slaves attached in this case belonged to the estate of Leonard Basher, *540 deceased — that Mrs. Harris and William Basber were the children and only distributees of said estate — that in the year 1854, Harris and wife filed a bill against S, E. Brown, administrator of the estate and guardian of Mrs. Harris, and also against William Basher, the other distributee, for a settlement and division of the estate; and that during the pendency of said suit an agreement was entered into between the parties, by which it was stipulated that the share of the estate belonging to Mrs. Harris should be settled upon her for her sole and separate benefit; and at the ensuing term of the Court, namely, on the 15th of December, 1854, a decree, founded upon said agreement, was entered in said cause, by which, in general terms, Mrs. Harris’ “ share in the property in controversy,” was vested in W. M. Basher, as trustee for her. But neither in the decree nor in the agreement upon which it is based, is there any specific description of the amount or kind of ■property of which said share consisted. It does not appear from the proof, that any division of the slaves belonging in common to Mrs. Harris and her brother, has ever been made between them; and the idea that the slaves in controversy, or any part of the wife’s distributive share of the estate was reduced into possession by her husband, is excluded by the proof. Upon this state of the facts, the husband had acquired no such interest in the slaves as could be attached by his creditors. It is well settled, that until division of the slaves, the husband’s marital rights could not attach; and until the husband’s marital right is complete, by a reduction of the property into possession, or what is equivalent thereto, creditors of the husband cannot lay *541 bold of the property for the satisfaction of their debts. 11 Humph., 425; 2 Swan, 446, 460.
4. The Court erred in rendering judgment against the sureties in the replevin bond. The undertaking of the sureties was in the joint behalf of Howell Harris and Nancy Harris; and the discharge of the latter by the voluntary act of the plaintiff, operated as a discharge of the sureties from the ® obligation of their bond.
The judgment will be reversed.